UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Eugenia Doucette and John Doucette,
    Plaintiffs
        v.
GE Capital Retail Bank,
NCO Financial Systems, Inc.,
    Defendants

### Introduction

NOW COMES Eugenia Doucette and John Doucette ("Plaintiffs") by and through their attorney, Michael T. Racine, Mary Stewart Law, PLLC, and complains against GE Capital Retail Bank and NCO Financial Systems, Inc. for violations of: New Hampshire's Unfair, Deceptive, or Unreasonable Collection Practices Act, N.H. R.S.A. § 358-C; New Hampshire's Regulation of Business Practices for Consumer Protection, N.H. R.S.A. § 358-A; Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227; and, Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq. Violations arose from Defendants' debt collection practices involving numerous telephone calls. In support of their Complaint, the Plaintiffs state and request as follows:

### Parties

1. Plaintiff, Eugenia Doucette, wife of John Doucette, is an adult citizen of the United States and a New Hampshire resident, residing at 80A Bolton Road, Winchester, NH 03470-2607.

2. Plaintiff, John Doucette, husband of Eugenia Doucette, is an adult citizen of the United States and a New Hampshire resident, residing at 80A Bolton Road, Winchester, NH 03470-2607.

3. Eugenia Doucette and John Doucette are hereinafter collectively referred to as Plaintiffs.

4. Defendant, GE Capital Retail Bank ("GECRB"), is a bank headquartered at 170 West Election Road, Suite 125, Draper, UT 84020.

5. The Defendant, NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania corporation having a principal office address of 507 Prudential Road, Horsham, PA 19044.

6. GECRB and NCO are hereinafter collectively referred to as Defendants.

### Jurisdiction and Venue

7. This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1331.

8. This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. §1367.

9. Venue lies in this District pursuant to 28 U.S.C. §1391(b).

### Background

10. On or before 2009, Plaintiff Eugenia Doucette sought credit for personal family or household purposes from Defendant GECRB.

11. In 2009, Defendant GECRB issued Plaintiff Eugenia Doucette a Walmart Credit Card Account ("Credit Card"), account number ending in 5988.

12. Since 2009, Plaintiff Eugenia Doucette purchased goods and/or services for family and household purposes using the Credit Card.

13. Defendant GECRB, in the ordinary course of business, engages in consumer credit transactions with consumers.

14. Plaintiff Eugenia Doucette used such credit to purchase goods and services.

15. Plaintiff Eugenia Doucette fell behind on payments (the "Debt") to Defendant GECRB.

16. On or around June 2013, Eugenia Doucette began to receive collection calls ("Collection Calls") on her residential phone line regarding the Debt.

17. Eugenia Doucette routinely received multiple Collection Calls per day on the Debt.

18. Eugenia Doucette routinely received five calls per day on the Debt.

19. Eugenia Doucette has received as many as six Collection Calls per day on the Debt.

20. A number of the Collection Calls were prerecorded voice messages.

21. Plaintiffs have caller identification on their residential phone.

22. Plaintiffs noticed that Defendant NCO displayed on their called identification for Collection Calls.

23. In a letter dated July 2, 2013, Defendant NCO notified Eugenia Doucette that it represented Defendant GECRB and was attempting to collect a debt for GECRB.

24. On or around June 2013 to August 2013, Eugenia Doucette estimates that she has received over one hundred (100) Collection Calls regarding the Debt.

25. The Defendant(s) making the Collection Call were generally rude and obnoxious during the Collection Calls.

26. Since the Collection Calls began, Plaintiff John Doucette has worked second shift and was repeatedly awoken by the Collection Calls.

27. Being repeatedly awoken by the Collection Calls caused fatigue in John Doucette.

28. Plaintiff Eugenia Doucette is a stay-at-home mother.

29. Plaintiff Eugenia Doucette has seven children, five of which still reside with her.

30. Because she is a stay-at-home mother raising her children, Plaintiff Eugenia Doucette seldomly leaves the house.

31. The Collection Calls are causing Plaintiffs stress and anxiety.

32. As of July 2013, Plaintiff Eugenia Doucette owed roughly $1200.00 on the Debt.

33. By letter dated and sent on August 19, 2013, Mary Stewart Law, PLLC notified NCO in writing that it represented Eugenia Doucette regarding the Debt, to cease all communication with Eugenia Doucette regarding the Debt, and to direct all correspondence and contact regarding the Debt to its office.

## COUNT I

(Violations of RSA 358-C:3 Unfair, Deceptive or Unreasonable Collection Practices

&

RSA 358-A Regulation of Business Practices for Consumer Protection)

34. Each of the foregoing allegations are hereby re-alleged and incorporated herein.

35. Plaintiff Eugenia Doucette is a "consumer" within the meaning of RSA 358-C, which defines "consumer" as "a natural person who seeks or acquires, or is offered property, services or credit for personal, family or household purposes." RSA 358-C:1(I).

36. The incurrence of the Debt is a "consumer credit transaction" within the meaning of RSA 358-C, which defines "consumer credit transaction" as:

> a transaction between a creditor and a consumer in which real or personal property, services, money or a form of money is acquired on credit and . . . for which credit a finance charge is or may be imposed. The term includes consumer credit sales, consumer loans, consumer leases of personal property and transactions pursuant to a seller or lender credit card . . . .
>
> RSA 358-C(1)(II).

37. The issuance and/or use of the Credit Card was a "consumer transaction" within the meaning of RSA 358-C, which defines "consumer transaction" as "a transaction between a consumer and a person who sells, leases or provides property, services or credit to consumers." RSA 358-C(1)(III).

38. GECRB is a "creditor" within the meaning of RSA 358-C, which defines "creditor" as " a person who in the ordinary course of business engages in consumer credit transactions with consumers."

39. Via usage of the Credit Card and falling behind on payments, Eugenia Doucette incurred a "debt", within the meaning of RSA 358-C, which defines "debt" as "any obligation or alleged obligation arising out of a consumer transaction." RSA 358-C:1(VI).

40. Via usage of the Credit Card and falling behind on payments, Eugenia Doucette is considered a "debtor" within the meaning of RSA 358-C, which defines "debtor" as "a person who owes or allegedly owes an obligation arising out of a consumer transaction." RSA 358-C:1(VII).

41. The Defendants are Debt collectors within the meaning of RSA 358-C:3.

42. Defendants' debt collection or attempts to collect a debt were unfair, deceptive or unreasonable.

43. Such actions are prohibited by RSA 358-C:3(I)(a):

> For the purposes of this chapter, any debt collection or attempt to collect a debt shall be deemed unfair, deceptive or unreasonable if the debt collector [c]ommunicates or attempts to communicate with the debtor, orally or in writing [b]y causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously or at unusual times or at times known to be inconvenient with the intent to abuse, oppress or harass any person at the called number.
>
> RSA 358-C:3(I)(a).

44. Defendants' placement of an estimated one hundred (100) Collection Calls constitutes intentional acts.

45. Eugenia Doucette is entitled to an award of $200 plus costs and reasonable attorney's fees for each violation, and for all damages proximately caused by the violations. See RSA 358-C:4(I)(a) & (b).

46. Eugenia Doucette is entitled to a permanent injunction from these Collection Calls. See RSA 358-C:4(IV).

47. Pursuant to RSA 358-C:4(VI), each violation of RSA 358-C shall also constitute an unfair and deceptive act or practice within the meaning of RSA 358-A:2, entitling Eugenia Doucette to compensation from Defendants for two or three times her actual or statutory damages, whichever is greater, plus costs and attorney's fees.

## COUNT II

(Violation of the Telephone Consumer Protection Act 47 U.S.C. § 227)

48. Each of the foregoing allegations are hereby re-alleged and incorporated herein.

49. The Defendants willfully and/or knowingly placed Collection Calls using an artificial or pre-recorded voice to Plaintiffs' residential telephone line.

50. Such Collection Calls are prohibited by the TCPA:

> It shall be unlawful for any person . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B);

47 U.S.C. § 227(b)(1)(B).

51. None of the Collection Calls were for emergency purposes.

52. Plaintiffs never expressly consented to receiving a single Collection Call.

53. Plaintiffs are entitled to an injunction of such artificial or pre-recorded voice Collection Calls to their residential telephone line. See 47 U.S.C. § 227(b)(3)(A).

54. Plaintiffs are entitled to actual monetary loss for such violations, or $500 in damages for each violation, whichever is greater. See 47 U.S.C. § 227(b)(3)(B) & (C).

55. In light of Defendants' willful and/or knowing violation of 47 U.S.C. § 227(b), an award as much as three (3) times those imposed by 47 U.S.C. § 227(b)(3)(B) is appropriate. See 47 U.S.C. § 227(b)(3).

## COUNT III

(Violation of Fair Debt Collection Practices Act 15 U.S.C. § 1692 et. seq.)

56. Each of the foregoing allegations are hereby re-alleged and incorporated herein.

57. The Collection Calls are considered "communication" within the meaning of the FDCPA, which defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

58. Eugenia Doucette is a "consumer" within the meaning of the FDCPA, which defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3).

59. The Debt is considered a "debt" within the meaning of the FDCPA, which defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are

primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692(a)(5).

60. Defendants are debt collectors with the meaning the FDCPA, which defines debt collector as:

any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 808(6), such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692(a)(6).

61. Defendants, in their debt collection practices, may have contacted Eugenia Doucette before 8AM.

62. Such debt collection practices are prohibited by the FDCPA, which provides:

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location.

15 U.S.C. § 1692(c)(a)(1).

63. Eugenia Doucette never consented to being called at any time.

64. The Defendants made over an estimated one hundred (100) Collection Calls to Eugenia Doucette.

65. Such debt collection practices are prohibited by 15 U.S.C. § 1692(d), which provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> 15 U.S.C. § 1692(d)(5).

66. Debtor is entitled to actual damages sustained as a result of the violations. See 15 U.S.C. § 1692(k)(a)(1).

67. Debtor is entitled to "such additional damages as the court may allow, but not exceeding $1,000." See 15 U.S.C. § 1692(k)(a)(2)(A). Furthermore:

> In determining the amount of liability in any action under subsection [15 U.S.C. § 1692(k)(a)], the court shall consider, among other relevant factors in any individual action under subsection (a)(2)(A), the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional.
>
> 15 U.S.C. § 1692(k)(b)(1).

68. Debtor is entitled to the cost of the action plus reasonable attorney's fees. See 15 U.S.C. § 1692(k)(a)(3).

Wherefore, Eugenia Doucette respectfully requests that the Court enter judgment in her favor as follows:

i) Holding Defendants' collection efforts violated RSA 358-C;

ii) Awarding Eugenia Doucette $200 plus costs and reasonable attorney's fees for each violation of RSA 358-C;

iii) Awarding Eugenia Doucette damages proximately caused by each violation of RSA 358-C;

iv) Permanently enjoining Defendants from making such Collection Calls to Eugenia Doucette;

v) Holding Defendants' collection efforts violated RSA 358-A;

vi) Awarding Eugenia Doucette damages for each violation, as provided in RSA 358-A, plus costs and reasonable attorney's fees;

vii) Holding Defendants' collection efforts violated 47 U.S.C. § 227;

viii) Awarding Plaintiffs actual monetary loss for such violations of 47 U.S.C. § 227, or $500 in damages for each such violation, whichever is greater;

ix) Awarding Plaintiffs treble damages based on Defendants' willful or knowing actions in violation of 47 U.S.C. § 227;

x) Enjoining Defendants from making such artificial or pre-recorded voice Collection Calls to Plaintiffs' residential telephone line;

xi) Holding Defendants' collection efforts violated 15 U.S.C. § 1692;

xii) Awarding Eugenia Doucette actual damages sustained as a result of the violations of 15 U.S.C. § 1692;

xiii) Awarding Eugenia Doucette such additional damages as the court may allow, but not exceeding $1,000 for violations of 15 U.S.C. § 1692;

xiv) Awarding Eugenia Doucette the cost of the action plus reasonable attorney's fees for violations of 15 U.S.C. § 1692; and,

xv) For such other relief as this Court may deem fair, just and equitable.

|  |  |
|---|---|
|  | Respectfully Submitted,<br>Eugenia and John Doucette,<br>By and Through |
| Dated: January 8, 2014 | */s/ Michael T. Racine*<br>Michael T. Racine, NH Bar# 07278<br>MARY STEWART LAW, PLLC<br>2 1/2 Beacon Street, Suite 285<br>Concord, NH 03301<br>(ph) 603-226-7450<br>michael@marystewartlaw.com |