**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Eugenia Doucette and
John Doucette

    v.                                Civil No. 14-cv-012-LM
                                          Opinion No. 2014 DNH 171

GE Capital Retail Bank; and
NCO Financial Systems, Inc.


**O R D E R**

This case arises out of a series of attempts to collect a credit-card debt.  Eugenia and John Doucette ("the Doucettes") have sued GE Capital Retail Bank ("GE") and NCO Financial Systems, Inc. ("NCO").  Against GE, the Doucettes assert claims under: (1) New Hampshire's Unfair, Deceptive, or Unreasonable Collection Practices Act ("UDUCPA"), N.H. RSA ch. 358-C, (Count II); and (2) the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p (Count IV).[1]  GE moves to dismiss Counts II and IV for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  The Doucettes object.  For the reasons that follow, GE's motion to dismiss is granted in part and denied in part.

---

[1] Plaintiffs also assert claims under the UDUCPA and the FDCPA against NGO, along with a claim against NCO under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227.

**Standard of Review**

"To survive a motion to dismiss under Rule 12(b)(6)," plaintiff must make factual allegations sufficient to state a claim to relief that is plausible on its face." D'Angola v. Upstate Mgmt. Servs. LLC, No. 11-cv-87-PB, 2011 WL 5419679, at *1 (D.N.H. Nov. 9, 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

> A claim is facially plausible when it pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

D'Angola, 2011 WL 5419679, at *1 (quoting Iqbal, 556 U.S. at 678) (citations and quotation marks omitted).

This court uses a two-pronged approach in deciding a motion to dismiss.  See D'Angola, 2011 WL 5419679, at *1 (citing Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011)). First, the court "screen[s] the complaint for statements that merely offer legal conclusions couched as fact or threadbare recitals of the elements of a course of action." D'Angola, 2011 WL 5419679, at *1 (citations and quotation marks omitted). Second, the court "credit[s] as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then determine[s] if the claim is plausible." Id.  "[A] Rule 12(b)(6) motion should be granted if the facts,

evaluated in a plaintiff-friendly manner, do not contain enough meat to support a reasonable expectation that an actionable claim may exist." L'Esperance v. HSBC Consumer Lending, Inc., No. 11-cv-555-LM, 2012 WL 2122164, at *1 (D.N.H. June 12, 2012) (internal quotation marks and brackets omitted).

## Background

The following facts are drawn from plaintiffs' complaint. See Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 632 F.3d 762, 771 (1st Cir. 2011).

In 2009, Mrs. Doucette applied to GE for a credit card.  GE approved her application, and issued her a credit card.  Mrs. Doucette accumulated debt on the card, and then fell behind on her payments.  In June of 2013, she began receiving collection calls from NCO and GE on her home telephone.  The Doucettes allege that they "routinely" received as many as five or six collection calls per day, and that the callers were "rude and obnoxious."  Am. Compl. (doc. no. 13) ¶¶ 24—26, 32.  The Doucettes estimate that, between June and August of 2013, they received over 100 such collection calls.  Even though Mrs. Doucette informed the callers that their "calls were disruptive to John Doucette's sleep and work," and directed NCO "to stop calling her about the debt," the calls continued.  Id. ¶¶ 36, 41.

The Doucettes allege that the collection calls came from both NCO and GE.  Specifically, the Doucettes "noticed that NCO displayed on their caller identification . . . [and] that [GE] left messages relative to the collection of the [d]ebt."  Am. Compl. ¶¶ 28-29.

Based upon the foregoing, the Doucettes assert that GE is liable to them for violating the UDUCPA and the FDCPA.

## Discussion

GE moves to dismiss both Counts II and IV.  The court begins with the FDCPA claim asserted in Count IV, an then turns to the UDUCPA claim asserted in Count II.

A. Count IV

In Count IV, the Doucettes assert that: (1) while acting as an agent for GE, NGO violated the FDCPA; and (2) GE, "although not a debt collector as defined within the FDCPA, is nonetheless vicariously liable for NCO's violations of the FDCPA."  Am. Compl. ¶ 102.  GE argues that Count IV must be dismissed because under the circumstances of this case, the FDCPA does not allow for the imposition of vicarious liability on a creditor based upon the conduct of a debt collector acting as its agent.  The court agrees.

As Judge Woodlock recently explained, "a creditor [is not] vicariously liable under the FDCPA for the efforts of a debt

collector to collect on that creditor's debts." Chiang v. Verizon N.E. Inc., No. 06-cv-12144-DPW, 2009 WL 102707, at *5 (D. Mass. Jan. 13, 2009) (citing Wadlington v. Credit Acceptance Corp., 76 F.3d 103, 108 (6th Cir. 1996); see also Ricciardi v. Serv. Credit Union, No. 06-cv-092-JD, 2006 U.S. Dist. LEXIS 28468, at *6 (D.N.H. May 11, 2006) ("Because the FDCPA applies only to 'debt collectors,' however, courts have consistently rejected attempts to impose FDCPA liability on a creditor for the actions of those who collect its debts based on respondeat superior or similar theories.") (citing Wadlington, 76 F.3d at 108; Doherty v. Citibank (S.D.) N.A., 375 F. Supp. 2d 158, 162 (E.D.N.Y. 2005); Conner v. Howe, 344 F. Supp. 2d 1164, 1170 (S.D. Ind. 2004); Caron v. Charles E. Maxwell, P.C., 48 F. Supp. 2d 932, 936 (D. Ariz. 1999); Hart v. GMAC Mtg. Corp. (In re Hart), 246 B.R. 709, 731 (Bankr. D. Mass. 2000)).  This court is persuaded by Chiang and Ricciardi.

For the contrary proposition, i.e., that vicarious liability is a viable theory in FDCPA cases, the Doucettes rely primarily upon Huy Thanh Vo v. Nelson & Kennard, 931 F. Supp. 2d 1080 (E.D. Cal. 2013).  In that case, the district court ruled that a creditor was vicariously liable for the actions of a law firm it had retained to collect a debt.  Id. at 1090.  In so ruling, the district court relied upon the Ninth Circuit's opinion in Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507

(9th Cir. 1994). Fox, however, does not provide all that solid a foundation for the ruling in Huy Thanh Vo. In Fox, the court held that if a creditor engaged a debt collector, and the debt collector retained an attorney, then the debt collector was vicariously liable for the actions of the attorney it retained. See 15 F.3d at 1516. In support of its holding, the court explained that "[i]n order to give reasonable effect to section 1692i [i.e., the FDCPA's provision concerning legal actions by debt collectors], we must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken," 15 F.3d at 1516. Significantly, the entity to which liability was imputed in Fox was itself a debt collector. See id. at 1510. Huy Thanh Vo, by contrast, did not involve imputing the liability of an attorney to a debt collector but, rather imputing the liability of an attorney acting as a debt collector to a creditor that was not a debt collector.

This case, in turn, involves an attempt to impute the liability of a non-attorney debt collector to a creditor that was not a debt collector. The court is not persuaded by the Huy Thanh Vo court's extension of Fox, and is entirely disinclined, especially in the absence of any encouragement from the court of appeals, to apply the rule from Huy Thanh Vo to the circumstances of this case.

Because vicarious liability for NCO's actions is the only theory plaintiffs advance against GE in Count IV, and GE cannot be vicariously liable for NCO's conduct, plaintiffs have failed to state a claim on which relief can be granted.  Accordingly, GE is entitled to dismissal of Count IV.

B. Count II

Count II is the Doucette's claim that GE: (1) directly violated the UDUCPA by making collection calls; and (2) is vicariously liable for collection calls made by NCO that violated the UDUCPA.  GE moves to dismiss, arguing that: (1) plaintiffs have not alleged conduct by GE sufficient to state a claim for direct liability under the FDCPA; and (2) it cannot be vicariously liable for any UDUCPA violations that NCO may have committed.  While the sufficiency of plaintiffs' allegations to state a claim for direct liability under the UDUCPA is a close question, the court need not resolve that issue because GE has failed to demonstrate that it may not be held vicariously liable for the conduct of NCO.[2]

With respect to GE's vicarious liability for NCO's conduct under the UDUCPA, the parties advance essentially the same arguments they made for and against vicarious liability under

---

[2] For what it is worth, the court notes that, based upon the allegations in the amended complaint, the conduct directly attributed to NCO would appear to be far more egregious than the conduct directly and unambiguously attributed to GE.

the FDCPA.[3]  However, it is far from clear that the same analysis
applies to both statutes.

When courts have ruled that creditors are not vicariously
liable under the FDCPA for the conduct of their debt collectors,
they typically base those rulings on an understanding that the
FDCPA limits liability to debt collectors.  See, e.g.,
Ricciardi, 2006 U.S. Dist. LEXIS 28468, at *6; Wadlington, 76
F.3d at 108.  But, the FDCPA and the UDUCPA define the term
"debt collector" differently, compare 15 U.S.C. § 1693a(6) with
RSA 358-C:1, VIII, and the UDUCPA definition is substantially
broader.[4]  As a result, a creditor that is not a debt collector

_____

[3] In support of turning to FDCPA jurisprudence on this
issue, GE relies upon Judge DiClerico's decision in Gilroy v.
Ameriquest Mortg. Co., 632 F. Supp. 2d 132 (D.N.H. 2009).  In
Gilroy, Judge DiClerico turned to the FDCPA for guidance on how
to interpret the "prohibited acts" section of the UDUCPA.  See
id. at 136.  But, Judge DiClerico's reliance upon the FDCPA for
that purpose does not support the proposition that this court
should turn to the FDCPA for guidance on the issue of vicarious
liability.

[4] Specifically, the FDCPA includes the following definition
of the term "debt collector":

    any person who uses any instrumentality of interstate
    commerce or the mails in any business the principal
    purpose of which is the collection of any debts, or
    who regularly collects or attempts to collect,
    directly or indirectly, debts owed or due or asserted
    to be owed or due another.  Notwithstanding the
    exclusion provided by clause (F) of the last sentence
    of this paragraph, the term includes any creditor who,
    in the process of collecting his own debts, uses any
    name other than his own which would indicate that a
    third person is collecting or attempting to collect

for purposes of the FDCPA could qualify as a debt collector under the UDUCPA, which makes GE's reliance upon FDCPA jurisprudence unavailing in the context of its UDUCPA argument. Moreover, while the Doucettes concede that GE is not a debt collector under the FDCPA, they make no such concession with respect to the UDUCPA.  And, in its motion to dismiss, GE does not challenge the Doucettes' claim, in their complaint, that GE is a debt collector for purposes of the UDUCPA.  In sum, the court is not at all persuaded by GE's argument that, as a creditor, it cannot be subject to vicarious liability under the UDUCPA for the actions of NGO.

Accordingly, as to the portion of Count II based upon GE's

---

such debts.  For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.  The term does not include—

**(A)** any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

15 U.S.C. § 1692a(6).  By contrast, the UDUCPA includes a definition that provides, in relevant part:

"Debt collector" means:

(a) Any person who by any direct or indirect action, conduct or practice enforces or attempts to enforce an obligation that is owed or due, or alleged to be owed or due, by a consumer as a result of a consumer credit transaction.

RSA 358-C:1, VIII(a).

vicarious liability, GE's motion to dismiss is denied.  Because Count II remains alive on a theory of vicarious liability, there is no need, at this point, to address the question of GE's direct liability.

### Conclusion

For the foregoing reasons, GE's motion to dismiss (doc. no. 15) is denied as to Count II but granted as to Count IV.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 15, 2014

cc:  Michael T. Racine, Esq.
     R. Matthew Cairns, Esq.
     Aaron R. Easley, Esq.
     Jonathan Eck, Esq.