```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

Eugenia Doucette and
John Doucette

    v.                                  Civil No. 14-cv-012-LM
                                            Opinion No. 2014 DNH 215

GE Capital Retail Bank; and
NCO Financial Systems, Inc.

## O R D E R

This case arises out of a series of attempts to collect a credit-card debt. Eugenia and John Doucette ("the Doucettes") have sued GE Capital Retail Bank ("GE") and NCO Financial Systems, Inc. ("NCO"). Against NCO, the Doucettes assert claims under: (1) New Hampshire's Unfair, Deceptive, or Unreasonable Collection Practices Act ("UDUCPA"), N.H. Rev. Stat. Ann. ch. 358-C (Count I); (2) the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p (Count III); and (3) the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 (Count V).[1]  Before the court is NCO's motion for judgment on the pleadings as to Count V.  The Doucettes object.  For the reasons that follow, NCO's motion for partial judgment on the pleadings is granted.

### The Legal Standard

Motions for judgment on the pleadings, under Rule 12(c) of the Federal Rules of Civil Procedure, are evaluated under the

---

[1] The case also includes a claim against GE under New Hampshire's UDUCPA.

same standard as motions to dismiss under Rule 12(b)(6).  See Frappier v. Countrywide Home Loans, Inc., 750 F.3d 91, 96 (1st Cir. 2014)) (quoting Marrero-Gutierrez v. Molina, 491 F.3d 1, 5 (1st Cir. 2007)).

Ruling on a motion to dismiss for "failure to state a claim upon which relief can be granted," Fed. R. Civ. P. 12(b)(6), requires the court to conduct a limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The heart of that limited inquiry concerns "whether the complaint contains sufficient factual matter to state a claim to relief that is plausible on its face."  Carrero-Ojeda v. Autoridad de Energia Electrica, 755 F.3d 711, 717 (1st Cir. 2014) (quoting Rodríguez-Reyes v. Molina-Rodríguez, 711 F.3d 49, 53 (1st Cir. 2013)) (internal quotation marks and brackets omitted).  To conduct its limited inquiry, a court must: (1) "isolate and ignore statements in the complaint that simply offer legal labels an conclusions or merely rehash cause-of-action elements," id. (quoting Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012)); and (2) "take the facts of the complaint as true, 'drawing all reasonable inferences in [plaintiff's] favor, and see if they plausibly narrate a claim for relief,'" id. (quoting Schatz, 669 F.3d at 55).

2

**Background**

The following facts are drawn from the Doucettes' complaint.  See Carrero-Ojeda, 755 F.3d at 717.

GE issued Mrs. Doucette a credit card.  She accumulated debt on the card, and then fell behind on her payments.  In June of 2013, she "began to receive collection calls" that "were made by NCO in an attempt to collect payment on the [d]ebt" she owed GE.  Am. Compl. (doc. no. 13) ¶¶ 18, 20.  "In its debt collection efforts, NCO was either acting on behalf of or as an agent [of] or [in the] employ of GE."  Id. ¶ 23.  NCO "placed [some of its] Collection Calls using an artificial or prerecorded voice to [the Doucettes'] residential telephone line."  Id. ¶ 104.  In Count V of their amended complaint, the Doucettes claim that by placing automated collection calls to their residential phone line, without having gotten their consent to receive such calls, NCO violated 47 U.S.C. § 227(b)(1)(B).

**Discussion**

NCO argues that it is entitled to judgment on the pleadings on Count V because the collection calls at issue here lie beyond the scope of the TCPA.  The court agrees.

Among other things, the TCPA makes it unlawful for any person within the United States

> to initiate any telephone call to any residential telephone line using an artificial or prerecorded

3

> voice to deliver a message without the prior express
> consent of the called party, unless the call is
> initiated for emergency purposes or is exempted by
> rule or order by the [Federal Communications]
> Commission under paragraph (2)(B).

47 U.S.C. § 227(b)(1)(B). Under § 227(b)(2)(B)(ii), Congress gave the Federal Communications Commission ("FCC") the authority to exempt calls made for commercial purposes that: (1) "will not adversely affect the privacy rights that this section is intended to protect"; and (2) "do not include the transmission of any unsolicited advertisement."

The FCC, in turn, has adopted a rule that bars any person or entity from

> [i]nitiat[ing] any telephone call to any residential
> line using an artificial or prerecorded voice to
> deliver a message without the prior express written
> consent of the called party, unless the call:
>
> . . . .
>
>    (iii) Is made for a commercial purpose but does not
> include or introduce an advertisement or constitute
> telemarketing.

47 C.F.R. § 64.1200(a)(3).

In an order issued during the course of adopting rules related to the TCPA, including the rule quoted above, the FCC responded to commentators seeking an express exemption for collection calls in the following way:

> [W]e conclude that an express exemption from the
> TCPA's prohibitions for debt collection calls is
> unnecessary because such calls are adequately covered
> by exemptions we are adopting here for commercial

> calls which do not transmit an unsolicited advertisement and for established business relationships. . . . [T]hese exemptions would also apply where a third party places a debt collection call on behalf of the company holding the debt. Whether the call is placed by or on behalf of the creditor, prerecorded debt collection calls would be exempt from the prohibitions on such calls to residences as: (1) calls from a party with whom the consumer has an established business relationship, and (2) commercial calls which do not adversely affect privacy rights and which do not transmit an unsolicited advertisement. . . . Accordingly, we reject as unnecessary proposals that we provide specific language for use in prerecorded debt collection messages.

In re Rules & Regs. Implementing the TCPA of 1991, 7 FCC Rcd. 8752, 8773 ¶ 39 (Oct. 16, 1992); see also In re Rules & Regs. Implementing the TCPA of 1991, 10 FCC Rcd. 12391, 12400 ¶ 17 (Aug. 7, 1995) ("prerecorded debt collection calls are adequately covered by exemptions adopted in our rules [which] explicitly exempt calls made either by a party with whom the subscriber has an established business relationship or calls that do not transmit an unsolicited advertisement and are made for a commercial purpose"); In re Rules & Regs. Implementing the TCPA of 1991, 23 FCC Rcd. 559, 561 ¶ 5 (Jan. 4, 2008) ("prerecorded debt collections calls are exempted from Section 227(b)(1)(B) of the TCPA"); see also id. ¶ 14 n.49 ("Debt collectors may use autodialing technology to call wireline numbers. Debt collection calls fall within the exemption for prerecorded calls that are commercial, but do not include an unsolicited advertisement.") (citation omitted).

5

Based upon the foregoing, it is clear that the FCC, acting pursuant to its authority under 47 U.S.C. § 227(b)(2)(B), has enacted a rule, and has issued several orders, exempting debt-collection calls from the prohibition stated in § 227(b)(1)(B). Because the Doucettes' TCPA claim is based upon the debt-collection calls they received from NCO, they have failed to state a claim for relief that is plausible on its face. See Meadows v. Franklin Collection Serv., Inc., 414 F. App'x 230, 235 (11th Cir. 2011) (granting debt collector's motion for summary judgment and holding that "prerecorded debt-collection calls are exempt from the TCPA's prohibitions on [prerecorded] calls to residences"); Zehala v. Am. Express, No. 2:10-cv-848, 2011 WL 4484297, at *5 (Sept. 26, 2011) (granting motion to dismiss TCPA claim and explaining that "[p]rerecorded telephone calls made for the purpose of debt collection have consistently been found to fit both exemptions for calls not containing 'unsolicited advertisement or constitute telephone solicitation' and calls made to a recipient 'with whom the caller has an established business relationship'") (citation omitted).

The Doucettes attempt to evade the reach of 47 U.S.C. §§ 227(b)(1)(B) & (b)(2)(B)(ii) and 47 C.F.R. § 64.1200(a)(3)(iii) by arguing that because discovery is not yet complete, "there is no evidence that the [automated] calls [they received] did not also include an unsolicited advertisement or a telephone

6

solicitation." Pl.'s Obj. (doc. no. 24) 3. That argument is unavailing. When ruling on a motion for judgment on the pleadings, as when ruling on a motion to dismiss under Rule 12(b)(6), the court bases its analysis on the well-pleaded facts in the complaint. See Carrero-Ojeda, 755 F.3d at 717. Here, virtually every reference to NCO in the amended complaint describes NCO as making collection calls. More specifically, in its TCPA claim against NCO, the Doucettes allege that "NCO willfully and/or knowingly placed Collection Calls using an artificial or prerecorded voice to Plaintiffs' residential telephone line." Am. Compl. (doc. no. 13) ¶ 104. In each of the next four paragraphs, the amended complaint refers to NCO's "Collection Calls." See id. ¶¶ 105-08. Nowhere in Count V, or in the rest of the complaint, do the Doucettes ever allege that they received any other kind of call from NCO, much less a call transmitting an unsolicited advertisement. Accordingly, the Doucettes' amended complaint does not state a plausible claim for relief under the TCPA. See Plumbers' Union Local No. 12 Pension Fund v. Nomura Asset Acceptance Corp., 632 F.3d 762, 771 (1st Cir. 2011) (citing Maldonado v. Fontanes, 568 F.3d 263, 266 (1st Cir. 2009)); González-Maldonado v. MMM Healthcare, Inc., 693 F.3d 244, 247 (1st Cir. 2012) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## Conclusion

For the reasons described above, the Doucettes' claim that NCO violated 47 U.S.C. § 227(b)(1)(B) by subjecting them to automated debt-collection calls is not a plausible claim for relief. Accordingly, NCO's motion for partial judgment on the pleadings, document no. 22, is granted.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

October 2, 2014

cc:  R. Matthew Cairns, Esq.
     Aaron R. Easley, Esq.
     Jonathan Eck, Esq.
     Michael T. Racine, Esq.